HONORABLE MARSHA J. PECHMAN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT KINGSTON,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York Corporation,<br><br>Defendant. | No. 2:19-cv-01488-MJP<br><br>**INTERNATIONAL BUSINESS MACHINES CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>**NOTE ON MOTION CALENDAR:**<br>**January 17, 2020** |

Defendant International Business Machines Corporation ("IBM" or "Defendant"), pursuant to Fed. R. Civ. P. 12(b)(6), has moved this Court to dismiss Count II (breach of express unilateral contract), Count III (breach of implied-in-fact contract), Count IV (violation of RCW 49.48.010 – unpaid wages on termination), Count V (failure to pay wages pursuant to RCW 49.52.050), and Count VI (unjust enrichment) of Plaintiff Scott Kingston's ("Plaintiff") Amended Complaint. [Doc. No. 24.] On January 13, 2020, Plaintiff filed his response in opposition to IBM's Motion. [Doc. No. 25.] IBM respectfully submits this Reply Brief in Support of Its Partial Motion to Dismiss.

**A. The Court Should Dismiss Plaintiff's Breach of Unilateral Contract and Breach of Implied-In-Fact Contract Claims.**

Plaintiff alleges two types of breach of contract claims: (1) that his IPL created a unilateral contract (Count II), and (2) that IBM's conduct by requesting Plaintiff perform

REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS - 1
(CASE NO. 2:19-cv-01488-MJP)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

services, including managing sales representatives created an implied-in-fact contract (Count III). (Am. Compl. ¶¶ 74, 78, 82, 85.) In response to IBM's Motion, Plaintiff failed to demonstrate that his Amended Complaint states a claim for breach of contract under either theory.

As an initial matter, Plaintiff does not dispute that both contract theories require proof of mutual assent to the alleged contract's terms by both parties. *Landes v. Cuzdey*, No. 51841-4-II, 2019 Wash. App. LEXIS 2218, at *16 (Wash. Ct. App. Aug. 20, 2019). *Heaton v. Imus*, 93 Wn.2d 249, 252 (1980) (*quoting Milone & Tucci, Inc. v. Bona Fide Builders, Inc*, 49 Wn.2d 363, 368 (1956)).[1] Plaintiff seeks to insert his own subjective belief regarding the intent of the parties, but the law is clear that he cannot do so; rather, mutual intent must be gleaned from the parties' outward manifestations. *Landes*, 2019 Wash. App. LEXIS 2218, at *16. Here, IBM made its intentions clear in the plain terms of the IPL. While the IPL was an agreement between the parties which spelled out their respective rights and responsibilities relating to commission payments, the terms of the IPL make it clear that IBM had no contractual obligation to pay Plaintiff any additional commissions beyond what it already paid him considering the significant discretion IBM retained in the IPL. IBM's conduct surrounding Plaintiff's IPL obviates the existence of any "mutual assent" to form such an obligation.

Second, as explained in IBM's Motion, every court that has considered IBM's commission plan in the context of a breach of contract claim has dismissed such claims. *See, e.g.*, *Wilson v. IBM*, 610 Fed. App'x 886, 888-89 (11th Cir. 2015); *Kavitz v. IBM*, 458 F. App'x 18 (2d Cir. 2012); *Geras v. IBM*, 638 F.3d 1311 (10th Cir. 2011); *Jensen v. IBM*, 454 F.3d 382 (4th Cir. 2006); *Snyder v. IBM*, 2019 U.S. Dist. LEXIS 66583 (N.D. Ga. Mar. 18, 2019); *Morris v. IBM*, 2018 U.S. Dist. LEXIS 222568 (W.D. Tex. Nov. 29, 2018), *adopted by* 2019 U.S. Dist. LEXIS 39553 (W.D. Tex. Feb. 4, 2019); *Fessler v. IBM*, No. 1:18-cv-798, 2018 U.S. Dist. LEXIS 202725 (E.D. Va. Nov. 28, 2018); *G.S. (Steve) Rapier v. IBM*, No. 1:17-cv-4640-MHC,

---

[1] *See also Hoglund v. Meeks*, 139 Wn. App. 854, 870 (2007); *Bell v. Hegewald*, 95 Wn.2d 686, 690 (1981).

REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS - 2
(CASE NO. 2:19-cv-01488-MJP)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

2018 U.S. Dist. LEXIS 117504 (N.D. Ga. Apr. 12, 2018); *Pfeister v. IBM*, No. 17-cv-03573-DMR, 2017 U.S. Dist. LEXIS 170970 (N.D. Cal. Oct. 16, 2017); *Kemp v. IBM*, No. 3:09-cv-03683, 2010 U.S. Dist. LEXIS 118801 (N.D. Cal. Nov. 4, 2010); *Schwarzkopf v. IBM*, No. C 08-2715, 2010 U.S. Dist. LEXIS 46813 (N.D. Cal. May 12, 2010); *Gilmour v. IBM*, No. CV 09-04155, 2009 U.S. Dist. LEXIS 127142 (C.D. Cal. Dec. 16, 2009); *Rudolph v. IBM*, No. 09 C 428, 2009 U.S. Dist. LEXIS 75261, at *9-11 (N.D. Ill. Aug. 21, 2009). Plaintiff cannot cite a single case which did not dismiss such claims.

Plaintiff attempts to distinguish these cases by arguing that they did not apply Washington law which "has a strong policy in favor of payment of wages due employees." But Plaintiff is ignoring the fact that each of these cases applied black letter contract law which varies little (or not at all) from state to state; and the concept of "mutual assent" is universal in the context of contract law. The fact that no Washington court has addressed IBM's commission plan yet does not make these cases any less applicable in this situation.

Plaintiff also contends that the foregoing cases are distinguishable because some of them were decided on summary judgment and because some of them involved IPLs which had slightly different disclaimer language. As an initial matter, 8 of the foregoing cases (*Geras*, *Morris*, *Fessler*, *Rapier*, *Pfeister*, *Kemp*, *Gilmour*, and *Rudolph*) were decided on motions to dismiss or motions for judgment on the pleadings. Moreover, this argument ignores the remaining disclaimers in Plaintiff's IPL which double down on IBM's discretion to adjust Plaintiff's commissions.

Lastly, Plaintiff argues that the disclaimers in the IPL are not enforceable because Washington law only permits prospective changes to the terms of an employee's compensation. Plaintiff is oversimplifying Washington law and misstating IBM's position. Here, IBM did not change the terms of Plaintiff's commission plan, IBM *applied* the terms of that plan. There are no allegations in the Amended Complaint to the contrary, nor is there any allegation that IBM made any retroactive change to the terms of Plaintiff's commission plan. Plaintiff misconstrues Washington law by implying that Washington law never permits an employer to determine, at its

REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS - 3
(CASE NO. 2:19-cv-01488-MJP)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

discretion, the amount of commissions to pay to an employee. Washington law does not prohibit discretionary commission plans, and Plaintiff has cited no authority to the contrary.[2] The case Plaintiff does rely on for this point – *Redman v. Nevada Bell Tel. Co.* – is inapposite, as that case applied Nevada law and is contrary to every other court which has addressed the specific terms of IBM's commission plan.

In short, Plaintiff does not dispute that the IPL governed the terms of his commission payments. Yet Plaintiff asks the Court to apply the terms in the IPL which are favorable to him and ignore the rest. As the Eleventh Circuit aptly held in *Wilson*, "[t]he IPL may indeed include terms that are very favorable to IBM, but those are the terms Mr. [Kingston] admittedly accepted. Mr. [Kingston] cannot argue that the IPL is an enforceable contract on the one hand, while refusing to accept its disadvantageous terms on the other." *Wilson*, 610 F. App'x at 889. Consistent with the other courts who have addressed this issue, this Court should grant IBM's Motion and dismiss Counts II and III of the Amended Complaint.

### B. The Court Should Dismiss Plaintiff's Claim for Violation of RCW 49.48.010.

Plaintiff's claim under Rev. Code of Wash. § 49.48.010 for IBM's alleged failure to pay wages upon termination is also subject to dismissal. As explained above and in IBM's Motion, Plaintiff cannot show that he was due any additional amount in commissions – whether at the time of his termination or otherwise – in light of the clear disclaimers in his IPL. Plaintiff's claim for violation of RCW 49.48.010 fails for this reason alone.

Moreover, also as explained in IBM's Motion, according to Plaintiff's own allegations in the Amended Complaint, it was only after his termination that adjustments were allegedly made to deals closed by sales representatives reporting to Plaintiff. (Am. Compl. ¶¶ 58-59.) Thus, it would have been impossible for IBM to pay Plaintiff these additional commissions upon his termination. Plaintiff contends that the "Leaving the Plan Early" section of his IPL helps him on this point, but it does not. As an initial matter, this is yet another example of Plaintiff cherry-

---

[2] Indeed, IBM cited numerous cases in its Motion supporting the proposition that discretionary incentive plans are lawful under Washington law.

REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS - 4
(CASE NO. 2:19-cv-01488-MJP)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

...

picking portions of his IPL which he believes help his case and ignoring the remaining terms of the IPL. In any event, the "Leaving the Plan Early" section provides that "your final achievement . . . will be based on business results credited to you as of the last day of the last full-month you were on that Plan." The last day of the last full-month Plaintiff was employed by IBM was March 31, 2018. (Am. Compl. ¶ 55.) According to Plaintiff's own allegations, the alleged adjustments which resulted in increased revenue did not occur until *after* March 31, 2018, meaning they were not "credited to" Plaintiff as of that date. Thus, Plaintiff's argument regarding the "Leaving the Plan Early" section of the IPL does not save his claim under Rev. Code of Wash. § 49.48.010.

### C. The Court Should Dismiss Plaintiff's Failure to Pay Wages Claim.

Plaintiff claim under Rev. Code of Wash. § 49.52.070 similarly fails. As an initial matter, this claim fails because there was no agreement which obligated IBM to pay Plaintiff additional commissions beyond what he was already paid. In response to IBM's Motion, Plaintiff does not dispute the standard applicable to this claim, but instead contends he did sufficiently allege an obligation by IBM to pay additional commissions because he alleged in the Amended Complaint that: (1) he had an explicit or implied contract with IBM; (2) IBM was obligated to pay him commissions; (3) IBM owed him those commissions; and (4) IBM failed to pay him commissions owed under state law. These, of course, are nothing more than conclusory allegations which this Court must ignore when evaluating IBM's Motion. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiff's RCW § 49.52.070 claim should be dismissed for this reason alone. *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1203-1204 (9th Cir. 2002) ("The insertion of the word 'obligated' indicates a pre-existing duty imposed by contract or statute to pay specific compensation.").

Moreover, as explained in IBM's Motion, to assert a claim under RCW § 49.52.070, Plaintiff must show IBM paid him a lower wage than he was entitled "[w]ilfully and with intent to deprive the [Plaintiff] of any part of his [] wages." Plaintiff concedes in his response that, to the extent a bona fide dispute exists regarding the payment of the wages in question, his RCW §

REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS - 5
(CASE NO. 2:19-cv-01488-MJP)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

49.52.070 fails. The numerous cases cited above and in IBM's Motion dismissing nearly identical claims show that, *at a minimum*, IBM's position is "objectively reasonable" and "fairly debatable." Thus, Plaintiff's RCW § 49.52.070 also fails for this reason. *Simon v. Riblet Tramway Co.*, 8 Wn. App. 289, 293 (1973) (holding that Chapter 49.52 RCW is "not meant to apply to this factual situation; herein, there was a bona fide disagreement between employer and employee with regard to whether a year-end payment was earned wages or merely a discretionary bonus."); *Hemmings*, 285 F.3d 1174, 1203-1204 (noting that "the Washington Supreme Court has not extended the reach of RCW § 49.52.050 to instances, such as the one at bar, in which there is a bona fide dispute as to whether the employer is obligated to pay the amounts in question.").

### D.  The Court Should Dismiss Plaintiff's Unjust Enrichment Claim.

Plaintiff has also failed to save his unjust enrichment claim. As explained in IBM's Motion, numerous other courts who have addressed this type of claim have found that the plain terms in IBM's commission plans foreclose such claims. Plaintiff failed to effectively distinguish these decisions. First, Plaintiff does not even address the decisions in *Snyder*, *Fessler*, or *Pero*. Moreover, Plaintiff's attempts to distinguish *Middleton*, *Morris*, and *Martignetti* by contending that those courts did not apply Washington law again fall flat; the general law governing quasi-contractual claims like Plaintiff's unjust enrichment claim does not materially vary. The bottom line is that the IPL provided IBM with discretion regarding Plaintiff's commission payments, which numerous courts have held preclude plaintiffs from arguing that IBM's failure to pay them additional commissions was "unjust." Plaintiff's claim suffers the same fatal flaw.

### E.  Conclusion.

Just as the numerous other courts cited above have done, here the Court should find that the plain terms of Plaintiff's IPL foreclose his claim for unpaid commissions. For the foregoing reasons, IBM respectfully requests that the Court grant its Motion and dismiss Counts II, III, IV, V, and VI of Plaintiff's Amended Complaint.

REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS - 6
(CASE NO. 2:19-cv-01488-MJP)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

DATED this 17th day of January, 2020.

          Respectfully submitted,

          JACKSON LEWIS P.C.

By: *s/ Barry Alan Johnsrud*
     Barry Alan Johnsrud, WSBA #21952
     520 Pike Street, Suite 2300
     Seattle, WA  98101
     Telephone:  206-405-0404
     Facsimile:   206-405-4450
     barry.johnsrud@jacksonlewis.com

     *s/ Justin R. Barnes*
     Justin R. Barnes (*pro hac vice*)
     Kelli N. Church (*pro hac vice*)
     JACKSON LEWIS P.C.
     171 17th Street, N.W., Ste. 1200
     Atlanta, GA 30363
     Telephone: (404) 525-8200
     Facsimile: (404 525-1173
     Email: Justin.Barnes@jacksonlewis.com
     Email: Kelli.Church@jacksonlewis.com

Attorneys for Defendant

REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS - 7
(CASE NO. 2:19-cv-01488-MJP)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

# DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the United States of America that on this day, I electronically filed a true and accurate copy of the document to which this declaration is affixed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Toby J. Marshall, WSBA #32726
Brittany J. Glass, WSBA #52095
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, WA 98103
tmarshall@terrellmarshall.com
bglass@terrellmarshall.com

Attorneys for Plaintiff

Matthew E. Lee, *pro hac vice*
Jeremy R. Williams, *pro hac vice*
WHITFIELD BRYSON & MASON, LLP
900 W. Morgan Street
Raleigh, NC  27603
matt@wbmllp.com
jeremy@wbmllp.com

Attorneys for Plaintiff

DATED this 17th day of January, 2020.

_____
Heather H. Adams

REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS - 8
(CASE NO. 2:19-cv-01488-MJP)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404