|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| SCOTT KINGSTON,<br><br>                    Plaintiff,<br><br>         v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br><br>                    Defendant. | | CASE NO. C19-1488 MJP<br><br>ORDER RE: DEFENDANT'S<br>PRIVILEGE LOG |

The parties filed a unified LCR 37 joint submission regarding certain disputed discovery issues. Dkt. Nos. 31, 32, 33. The Court issued an order on some of the issues raised, but reserved a ruling on Plaintiff's challenge to Defendant's privilege log pending an *in camera* review of the documents involved in the portions of the privilege log which Plaintiff challenged. Dkt. No. 34.

The Court is aware that Plaintiff's request regarding Defendant's privilege log was for an order directing IBM to amend the log entries with information sufficient to evaluate whether the attorney-client privilege was being properly invoked. Dkt. No. 31, Joint LCR 37 Submission, 8-

ORDER RE: DEFENDANT'S PRIVILEGE LOG - 1

9. Having reviewed the documents for the challenged entries, the Court feels it is in the interest of judicial economy to simply rule on which documents do not qualify for invocation of the privilege and hopefully in the process lay the groundwork for the proper creation of such logs in the future.

IT IS ORDERED that Defendant will produce, pursuant to Plaintiff's Requests for Production, documents represented by the following entry numbers in its privilege log (Dkt. No. 32, Decl. of Williams, Exh. 1): Nos. 23, 27, 36, 44, and 49.

## Discussion

> "The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, . . . as well as an attorney's advice in response to such disclosures." In re Grand Jury Investigation (Corporation), 974 F.2d 1068, 1070 (9th Cir. 1992) (quotations and citation omitted). The attorney-client privilege applies to communications between lawyers and their clients when the lawyers act in a counseling and planning role, as well as when lawyers represent their clients in litigation.

United States v. Chen, 99 F.3d 1495, 1501 (9th Cir. 1996). A thorough review of all the documents which have been ordered produced by Defendant despite its claim of "attorney-client privilege" reveals that none of them reference a request to obtain legal advice.

The mere fact that an attorney is included in the list of recipients is insufficient to invoke the privilege. "That a person is a lawyer does not, *ipso facto,* make all communications with that person privileged. The privilege applies only when legal advice is sought 'from a professional legal advisor *in his capacity as such.'"* Id. (citation omitted).

One of the withheld documents (which Defendant may continue to withhold) specifically requests "the legal perspectives" on a proposed strategy by the company, while the others (notes

of meetings) reference comments made by or questions posed to a person identified as in-house counsel for IBM. The attorney-client privilege is properly claimed in these instances.

Going forward, the Court recommends that privilege log entries invoking the attorney-client privilege specifically reference the fact that the document is one in which legal advice is sought or given. If the party cannot in good faith make that representation, the document should not be withheld on that basis. Greater adherence to this foundational element of the attorney-client privilege will save the parties and the Court considerable time.

The clerk is ordered to provide copies of this order to all counsel.

Dated July 31, 2020.

Marsha J. Pechman
United States Senior District Judge