UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT KINGSTON,<br><br>            Plaintiff,<br><br>   v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>            Defendant. | CASE NO. C19-1488 MJP<br><br>ORDER ON DISCOVERY MOTIONS |

This matter comes before the Court on Plaintiff's Motion for Relief from Deadline and Motion Exclude Expert Testimony (Dkt. No. 40) and Plaintiff's Motion for Relief from Deadline and Motion to Compel (Dkt. No. 42). Having reviewed the Motions, the Oppositions (Dkt. Nos. 44 and 45), Replies (Dkt. Nos. 46 and 47), and all supporting papers, the Court: (1) GRANTS the Motion to Exclude Expert Testimony; and (2) RESERVES RULING on the Motion to Compel pending in camera review of the disputed settlement agreement.

|   |   |
|---|---|
| 1 | **ANALYSIS** |
| 2 | **A.     Motion to Exclude** |
| 3 | Kingston seeks an order excluding the report of William Skilling on the theory that is was |
| 4 | an untimely-disclosed expert report that IBM tries to masquerade as a rebuttal report. The Court |
| 5 | agrees. |
| 6 | Under Rule 26(a)(2)(D)(ii), a party may serve a rebuttal expert report "solely to |
| 7 | contradict or rebut evidence on the same subject matter identified by another party." Rebuttal |
| 8 | reports must be tailored to respond directly to the subject matter of the opinions offered by the |
| 9 | opening expert's report. See, e.g., Rodriguez v. Walt Disney Parks & Resorts U.S., Inc., 2018 |
| 10 | WL 3532906, at *2 (C.D. Cal. July 2, 2018). |
| 11 | In his "rebuttal" report, Skilling provides a wide-ranging opinion on Kingston's ability |
| 12 | and efforts to find employment. (Dkt. No. 41 at 25-50.) This opinion does not rebut any opinion |
| 13 | offered by Kingston's expert, Erick West. On the topic of mitigation, West merely identified |
| 14 | mitigation as an issue on which he assumed Kingston was not and would not be employed. He |
| 15 | provided no opinion on whether Kingston could find employment. Skilling's report thus does not |
| 16 | rebut West's opinion, and West's report did not open the door for Skilling's report. |
| 17 | The Court finds exclusion of Skilling's report proper. Skilling's opinions go to IBM's |
| 18 | mitigation affirmative defense that forms part of its case-in-chief. See Burnside v. Simpson |
| 19 | Paper Co., 66 Wn. App. 510, 529 (1992), aff'd, 123 Wn.2d 93 (1994). The report should have |
| 20 | been disclosed as an opening report, not as a rebuttal. See Fed. R. Civ. P. 26(a)(2)(D); Dkt. No. |
| 21 | 29. While IBM offers Kingston the chance to retain an expert and depose Skilling, Kingston |
| 22 | convincingly argues that the late disclosure of Skilling would still be prejudicial. Kingston would |
| 23 | be forced to retain a mitigation expert on a short time frame and conduct expert discovery while |
| 24 |   |

in the middle of briefing his opposition to IBM's pending motion for summary judgment and preparing for trial. The Court finds IBM's failure to timely disclose Skilling's report was not harmless or substantially justified, and that exclusion of the report is proper under Rule 37(c)(1). The Court GRANTS the Motion to Exclude.

The Court notes that IBM does not contest Kingston's request to permit consideration of the Motion after the deadline passed for discovery motions. The Court finds good cause to permit this late filing. See Fed. R. Civ. P. 16(b).

**B.      Motion to Compel**

     **1.      The Motion is Timely**

Invoking Rule 16(b), Kingston asks to be excused from failing to file his Motion to Compel before the discovery motion deadline lapsed. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The Court may extend the deadline if the moving party shows that it could not reasonably meet the deadline despite its diligence. Id.

Kingston has demonstrated reasonable diligence in pursuing this discovery. Kingston served his discovery request for the settlement agreement the day before the discovery motion deadline and received IBM's response the day before discovery was to close. (See Dkt. No. 29; Declaration of Toby Marshall ISO Motion to Compel ¶¶ 3-4 (Dkt. No. 43).) Kingston promptly met and conferred and filed the Motion six days after the close of discovery. IBM argues that Kingston's counsel was aware of the settlement agreement earlier and failed to request it before the close of discovery. But while Kingston may have been able to demand this document earlier, the Court does not find this demonstrates a lack of diligence. The Court notes that Kingston served the discovery request with sufficient time to permit a response and moved quickly to file

this motion—albeit a month after the deadline for discovery motions. The delay of one month has not caused prejudice, and IBM has not argued as much. The Court finds good cause to excuse the delay and considers the Motion.

### 2. The Settlement Agreement

Kingston seeks the unredacted production of the settlement agreement between Beard and IBM. Kingston argues that the amounts and allocation of the settlement agreement are relevant to his claims because they could show information about IBM's discriminatory treatment and its policy about capping commissions. The Court finds this argument of relevance tenuous. But the Court cannot resolve the issue without a review of the settlement agreement itself. The Court therefore ORDERS IBM to produce a copy of the Beard settlement agreement for in camera review by no later than January 4, 2021. The Court will then assess whether the agreement must be produced and, if so, on what terms.

### CONCLUSION

The Court GRANTS Kingston's Motion to Exclude Skilling's untimely expert report that cannot properly be considered a rebuttal report. The Court RESERVES RULING on Kingston's Motion to Compel, and will decide the issue after IBM produces the settlement agreement for in camera review. IBM must produce the agreement to the Court by no later than January 4, 2021.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 29, 2020.

Marsha J. Pechman
United States District Judge