UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT KINGSTON,

    Plaintiff,

 v.

INTERNATIONAL BUSINESS MACHINES CORPORATION,

    Defendant.

CASE NO. C19-1488 MJP

ORDER ON MOTIONS IN LIMINE

  This matter comes before the Court on the Parties' Motions in Limine. (Dkt. Nos. 77 & 78.) Having reviewed the Motions, Oppositions (Dkt. Nos. 82 & 87), and all supporting materials and having orally ruled on the Motions during a pretrial conference on March 25, 2021, the Court issues this Order memorializing the Court's oral ruling GRANTING in part, DENYING in part, and RESERVING RULING on in part the Motions.

## ANALYSIS

**A.      Plaintiff's Motions in Limine**

        **1.      Failure to mitigate affirmative defense**

Plaintiff seeks to exclude the testimony and opinion of Peter Nickerson as to the amount of mitigation damages because he bases his opinion exclusively on the excluded opinion of William Skilling. (Nickerson Report at 2 (Dkt. No. 79-1 at 3); Order Granting Plaintiff's Motion to Exclude Skilling, Dkt. No. 53.) The Court agrees. Defendant argues that Nickerson can rely on Skilling's excluded opinion because facts "need not be admissible" to support an expert's opinion under Rule 703. But the Court does not read the words "need not be admissible" as coequal to "excluded." Once the Court excludes an expert's testimony, the party may not offer that same opinion backdoor through another expert. Rule 703 does not countenance this result. The Court therefore GRANTS this motion in limine and excludes Nickerson's opinions as to the amount of mitigation damages.

The parties otherwise agree that Nickerson may offer other testimony in this matter on which he has disclosed opinions. And the Court's ruling does not prevent Defendant from pursuing its failure to mitigate defense, though the Court has seen little evidence to support it.

        **2.      After-Acquired Evidence Defense**

Plaintiff asks the Court to bar Defendant's after-acquired evidence defense.

"The after-acquired evidence doctrine precludes or limits an employee from receiving remedies for wrongful discharge if the employer later discovers evidence of wrongdoing that would have led to the employee's termination had the employer known of the misconduct." Lodis v. Corbis Holdings, Inc., 192 Wn. App. 30, 60 (2015) (quoting Rivera v. NIBCO, Inc., 364 F.3d 1057, 1070–71 (9th Cir. 2004)). The "doctrine limits the damages an employee may recover

1  and does not limit liability as a matter of law." Martin v. Gonzaga Univ., 191 Wn.2d 712, 730

2  (2018). "An employer can avoid back pay and other remedies by coming forward with after-

3  acquired evidence of an employee's misconduct, but only if it can prove by a preponderance of

4  the evidence 'that the wrongdoing was of such severity that the employee in fact would have

5  been terminated on those grounds alone if the employer had known of it at the time of the

6  discharge.'" Lodis, 192 Wn. App. at 60 (quoting McKennon v. Nashville Banner Pub. Co., 513

7  U.S. 352, 362-63 (1995)).

8      Plaintiff identified two apparently new theories that Defendant has identified to support

9  this defense: (1) Plaintiff's failure to meet quota deployment; and (2) Plaintiff's act of sending

10  himself his own emails after he was terminated. Plaintiff notes that it posed an interrogatory

11  asking Defendant to identify all bases for Plaintiff's termination, and that Defendant never

12  identified either issue despite multiple supplemental responses. This may alone be dispositive.

13  But the Court wishes to view the issue in light of the potential evidence on this topic. At the

14  pretrial conference, Defendant's counsel admitted that they are still evaluating this defense and

15  will focus primarily on the emails that were sent. If Defendant wishes to pursue this defense, it

16  must provide all documentary support to the Court by no later than Tuesday, March 30, 2021.

17  The Court RESERVES RULING on this motion in limine and until the Court rules on this issue,

18  neither party may raise this topic in opening arguments.

### 3. "But-For" Causation

Plaintiff asks the Court to exclude any argument, evidence, or testimony that Plaintiff must show "but for" causation. On this point Defendant agrees. The Court therefore GRANTS the motion in limine on this issue.

Defendant still wishes to ask Plaintiff his opinion as to why he was terminated. As the Court noted during the pretrial conference, this opinion testimony appears to have scant relevance to the jury's determination to liability. Plaintiff retained counsel to represent his interests and it is for his counsel to marshal the evidence to support the multiple claims relating to his termination. Plaintiff's opinions about the reasons for his termination have dubious relevance. But rather than exclude the testimony through a motion in limine, the Court will rule on the issue if and when it is raised at trial.

### 4. Exclude Witnesses During Trial

The Parties agree that non-party witnesses should be excluded from the virtual courtroom except when testifying. The Court GRANTS this motion in limine. As the Court noted in the pretrial conference, witnesses who have testified may stay after their testimony to observe trial, but they cannot then appear as rebuttal witnesses.

### 5. Business Necessity, Waiver, Unclean hands, Ratification, or Estoppel

The Parties appear to agree that Defendant will not pursue the affirmative defenses of business necessity, waiver, unclean hands, ratification or estoppel. (Dkt. No. 78 at 14.) While Plaintiff's motion in limine on this issue appears unopposed, Plaintiff has not identified any specific evidence or testimony to which this motion applies. The Court cannot rule on this issue without more specifics. The Court will likely address this issue through the jury instructions and,

if it appears at trial, through objections made in real time. The Court therefore RESERVES RULING on this specific motion in limine.

**B.	Defendant's Motion in Limine**

    **1.	Beard Settlement and Summary Judgment Order in Beard Case**

Defendant asks the Court to exclude evidence and testimony about the lawsuit filed by Jerome Beard against IBM in which he pursued claims relating to race discrimination and unpaid commissions. As part of the lawsuit, Beard successfully fended off a summary judgment motion, and ultimately settled his claims. Defendant asks the Court to exclude the summary judgment order and the settlement agreement under Rule 401, 402, and 403. Plaintiff has identified the relevance of Beard's dismissal from IBM, the claims he alleged and litigated, and the resolution of his claims. But the Court finds that entry of the settlement agreement or summary judgment into evidence would be unfairly prejudicial.

The Court therefore GRANTS in part and DENIES in part the motion in limine. The Parties will be permitted to call Beard as a witness and ask him about his work at IBM, his experience as to the capped commission, the reasons why he believed the commission capping was unfair or improper, the fact that he sued IBM for race discrimination and for wrongful withholding of the commission, and the fact that his lawsuit settled to his and IBM's satisfaction. Neither the settlement agreement nor summary judgment shall be admitted. And neither party may question Beard about the amount of the settlement (or whether Beard was pleased with it) or about the summary judgment.

    **2.	Evidence Related to the Treatment of Beard and Kami Nazem**

Defendant asks the Court to exclude evidence and testimony about whether IBM discriminated against Beard or Kami Nazem. Defendant argues that this would be a distraction

1  because Kingston does not have to prove that IBM actually discriminated against Beard or
2  Nazem. It also argues that Nazem is irrelevant because Kingston does not allege he was fired for
3  opposing any alleged discrimination against Nazem. Plaintiff has made a colorable argument as
4  to the relevance of the alleged discrimination against Nazem. Kingston and two other managers
5  were allegedly fired for complaining about racial discrimination and were fired for allegedly
6  failing to cap commission. One manager complained about the treatment of Nazem, which
7  makes the treatment of Nazem potentially relevant to the issue of pretext.

8        The Court DENIES the motion in limine. The Court has warned the parties that the
9  alleged discrimination against Beard and Nazem should not become a distraction to the narrow
10 issues before the jury as to Kingston. But the Court will address any concerns about scope and
11 relevance as the trial proceeds.

12       **3.  EEOC Determination**

13       Defendant asks the Court to exclude any evidence concerning the EEOC's determination
14 finding reasonable cause that IBM engaged in age discrimination.

15       The Ninth Circuit has held that allegations by non-parties against the defendant on topics
16 related to the discrimination at issue are admissible to prove intent and motive of an employer to
17 discriminate under Rule 404(b) of the Federal Rules of Evidence. See, e.g., Heyne v. Caruso, 69
18 F.3d 1475, 1479 (9th Cir. 1995) (holding that "an employer's conduct tending to demonstrate
19 hostility towards a certain group is both relevant and admissible where the employer's general
20 hostility towards that group is the true reason behind firing an employee who is a member of that
21 group"); E.E.O.C. v. Farmer Bros. Co., 31 F.3d 891, 898 (9th Cir. 1994) (holding that "[b]ecause
22 hostility against women underlies decisions to discharge or to refuse to hire women because of

their gender, evidence of sexual harassment often will be relevant to claims of gender-based employment discrimination").

Based on the fact that the EEOC determination appears relevant to the issue of intent and motive, the Court DENIES the motion in limine. The Court will not exclude the document in full. But as the Court indicated during the pretrial conference, Defendant may identify specific portions of the EEOC determination it wishes excluded. It must do so before trial, identifying, line-by-line, each portion it wishes excluded. The Court will then determine whether to exclude any of it under Rule 403.

### 4. Michael Lee's condition

Defendant asks the Court to exclude any reference to Michael Lee's cancer or cancer treatment. Plaintiff provided some clarification of why this is potentially relevant to the pretext of Lee's termination and its relevance to Kingston's claims. But Plaintiff conceded that he merely wants to be able to elicit testimony that Lee's medical condition impaired his physical condition. The Court therefore GRANTS the motion in part and bars any evidence about Lee's chemotherapy and cancer, but permits evidence and testimony about whether Lee had a medical condition affecting his physical and mental condition. Neither party may elicit testimony about his cancer or chemotherapy, as doing so is unnecessary and likely unduly prejudicial.

### 5. Changes in Policy

Defendant asks the Court to exclude any evidence concerning changes IBM made to its commission policy.

In general, changes to a challenged company policy that allegedly caused the plaintiff's injury is inadmissible to prove culpability under Rule 407. See Hansen v. Werner Enters. Inc., No. EDCV 14-2090-JGB-SPX, 2016 WL 7479349, at *4 (C.D. Cal. May 18, 2016). But

1  subsequent remedial measures include "only the actual remedial measures themselves and not
2  the initial steps toward ascertaining whether any remedial measures are called for." In re
3  Aircrash in Bali, Indonesia, 871 F.2d 812, 817 n.2 (9th Cir. 1989); see also Gray v. Golden Gate
4  Nat. Recreational Area, 866 F. Supp. 2d 1129, 1141 (N.D. Cal. 2011) (citing In re Aircrash and
5  concluding an internal report "was not a 'subsequent remedial measure' because it constituted a
6  self-analysis of deficiencies rather than remedial measures taken").

7      Defendant agrees that its internal audit relating to the commissions is not subject to
8  exclusion under Rule 407. But Defendant argues that any change to the policy is subject to
9  exclusion under Rue 407. Plaintiff argues that not only does the internal audit note the need for
10 changes, IBM's Rule 30(b)(6) witness testified the process has not actually changed, making
11 Rule 407 inapplicable. The Court agrees with IBM that changes to the policy should be excluded
12 under Rule 407. But as the Court pointed out, IBM appears to have created its own Catch-22 by
13 stipulating to the admissibility of the report identifying problems in the policy and then seeking
14 to exclude any evidence that it took steps to fix the problems. Be that as it may, the Court
15 GRANTS the motion in part, excluding any evidence of changes to the commission policy, but
16 allowing evidence about the internal audit or other evidence relating to problems in the
17 commission policies. And should IBM put on a witness to discuss the changes in the policies,
18 Plaintiff may ask freely about the changes to the policy.

19      The clerk is ordered to provide copies of this order to all counsel.

20      Dated March 26, 2021.

22                          Marsha J. Pechman
                            United States District Judge

ORDER ON MOTIONS IN LIMINE - 8